**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **STEPHEN J. STEM,**<br>**Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. W-14-CV-429** |
| | § | |
| **RUBEN GOMEZ and the**<br>**CITY OF HEARNE, TEXAS,**<br>**Defendants.** | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action under the provisions of 42 U.S.C. § 1983 as a result of his termination from employment with the City of Hearne Police Department. He sues both the City and the Mayor, Ruben Gomez, in his individual and official capacities. Plaintiff additionally seeks a declaratory judgment that the Defendants violated the Texas Government Code and illegally terminated him. Defendants move to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Having reviewed the parties' briefs, the pleadings, and the applicable authority, the Court is persuaded Defendants' motion is meritorious and should be granted.

I. BACKGROUND

In his Complaint (doc. # 4), Plaintiff includes the following facts:

8. Plaintiff was a police officer in the Hearne Police Department from July 22, 2012, until his termination on May 10, 2014.

9. During the course and scope of his employment as a police officer in the Hearne Police Department, plaintiff was dispatched to a 9-1-1 call at 1402 Pin Oak Street in Hearne on May 6, 2014.

10. The 9-1-1 call was made by Roy Jones, the nephew of 93-year-old Pearlie Golden.

11. Ms. Golden had threatened Mr. Jones with a gun after he refused to return her car keys to her since she failed her driver's license renewal test.

12. When plaintiff arrived on scene, Ms. Golden pointed the loaded gun at plaintiff and Mr. Jones.

13. Plaintiff, who was in his police uniform, ordered Ms. Golden to put the gun down multiple times.

14. Ms. Golden refused to put down the gun.

15. When she again pointed the gun at plaintiff, plaintiff shot Ms. Golden in response to the immediate and deadly threat directed by Ms. Golden at plaintiff and Mr. Jones.

16. Ms. Golden later died from her injuries.

17. Ms. Golden's death caused considerable protests from residents of Hearne, and from individuals and groups from outside Hearne.

18. However, no one ever filed a signed, written complaint against plaintiff with the City regarding plaintiff's actions relative to Ms. Golden.

19. On May 7, 2014, less than 24-hours after the shooting, the Hearne City Council posted an agenda to consider plaintiff's employment with the City at a meeting to be held on May 10, 2014.

20. The Mayor of Hearne, Defendant Gomez, announced prior to the meeting that he would recommend termination of Plaintiff at the May 10, 2014, meeting.

21. The City's attorney also announced prior to the meeting that he would recommend termination of plaintiff at the May 10, 2014, meeting.

22. On Saturday, May 10, 2014, the City Council terminated plaintiff's employment with the City.

23. Plaintiff was never given a signed, written complaint regarding his actions relative to Ms. Golden or for any other actions from the date of the shooting until his termination.

24. On Tuesday, September 9, 2014, plaintiff was cleared in all respects relative to the shooting of Ms. Golden by a Robertson County, Texas grand jury. Plaintiff's Complaint, pp. 2-4.

## II. MOTION TO DISMISS

A. Rule 12(b)(1). Defendants move to dismiss Plaintiff's claims under FED.R.CIV.P. 12(b)(1), asserting there is a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and have no power to adjudicate claims without jurisdiction conferred by statute. *In re FEMA Trailer Formaldehyde Products*

Liability Litigation, 668 F.3d 281, 286 (5th Cir. 2012). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." Id. (quoting Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)). If a 12(b)(1) motion is filed in conjunction with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Willoughby v. U.S. ex rel. U.S. Dept. of the Army, 730 F.3d 476, 479 (5th Cir. 2013), *cert. denied*, ---- U.S. ----, 134 S.Ct. 1307 (2014) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied by* Cloud v. U.S., 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002)). This prevents a court lacking jurisdiction from prematurely dismissing a case with prejudice. Ramming, 281 F.3d at 161.

As the party asserting jurisdiction, the Plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional issues have been met. Id; King v. U.S. Dept. of Veterans Affairs, 728 F.3d 410, 413 (5th Cir. 2013) (quoting Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012)). The Court should dismiss a suit for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Choice Inc. of Texas v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012) (quoting Ramming, 281 F.3d at 161)).

While the standard for a 12(b)(1) motion is similar to that of a 12(b)(6) motion, the court is permitted to consider a broader range of materials in deciding the issue. Martin v. Halliburton, 618 F.3d 476, 480 n. 5 (5th Cir. 2010). In making its determination, the Court may rely on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Willoughby, 730 F.3d at 479. A dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Ramming, 281 F.3d at 161.

B. 12(b)(6). When considering a dismissal for failure to state a claim upon which relief may be granted, the Court accepts as true "all well-pleaded facts" and views them in the light most favorable to the plaintiff. *See* Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). However, a plaintiff must allege specific facts, not conclusory allegations. Elliott v. Foufas, 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations, as well as unwarranted deductions of fact, are not admitted as true. Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir.1992). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is *plausible* on its face." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added); *see also* In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, Xavier Univ. v. Travelers Cas. Prop. Co. Of

America, 552 U.S. 1182, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008) and *cert. denied sub nom.*, Chehardy v. Allstate Indem. Co., 552 U.S. 1182, 128 S.Ct. 1231, 170 L.Ed.2d 63 (2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*, quoting *Twombly*.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*). However, the Court need not accept as true legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, at 1949. Only those complaints which state a plausible claim for relief survive a motion to dismiss. *Id.* at 1950. In making this determination, the reviewing court must "draw on its judicial experience and common sense." *Id.* at 1950.

## III. DISCUSSION

A. § 1983. Plaintiff asserts that he had a constitutionally protected interest in his continued employment with the Hearne Police Department arising out of the provisions of Chapter 614 of the Texas Government Code, the procedures of which were not followed in his termination. Section 1983 creates a cause of action against any person who, while acting under color of state law, causes another to be deprived of a federally protected constitutional right. Whether evaluated as a procedural or substantive due process violation, the § 1983 plaintiff must identify a constitutionally-protected property interest in his continued employment. "Protected property interests are those 'that rise to the level of a "legitimate claim of entitlement' and not 'mere expectations.'" *L & F Homes and Development, L.L.C. v. City of Gulfport, Miss.*, 538 Fed.Appx. 395, 406-407 (5th Cir. 2013), *cert. denied*, ---- U.S. ----, 134 S.Ct. 1038, 188 L.Ed.2d 122 (2014) (quoting *Walsh v. La. High Sch. Athletic Ass'n*, 616 F.2d 152, 159 (5th Cir. 1980). *See also* *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996) ("An employee has a property interest in his employment only when a legitimate right to continued employment exists.").

In analyzing whether an entitlement or legitimate right to continued employment exists, the courts must look to state law to provide the appropriate definitions. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005). However, the "determination, despite its state-law underpinnings, is ultimately one of federal constitutional law." *Id*. at 756-57.

"'Although the underlying substantive interest is created by "an independent source such as state law," *federal constitutional law* determines whether that interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause.'" Id. (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978)).

In Texas, employment, whether public or private, is presumed to be at-will and that employment may be terminated by the employer or the employee for good cause, bad cause, or no cause at all. County of Dallas v. Wiland, 216 S.W.3d 344, 347 (Tex. 2007). The at-will relationship prevails, unless it "has been expressly altered in one of two ways"– by contract or "by express rules or policies limiting the conditions under which an employee may be terminated. . . ." Muncy v. City of Dallas, Tex., 335 F.3d 394, 398 (5th Cir. 2003). *See also* City of Midland v. O'Bryant, 18 S.W.3d 209, 215 (Tex. 2000). Those express rules or policies may "take the form of a statute, rule, handbook, or policy which limits the condition under which the employment may be terminated. . . ." Id. Basically, the public employer creates "the existence of a property interest by abrogating its right to terminate an employee without cause." Id.

However, the creation of procedural regulations governing employment does not, in and of itself, create a protectable property interest. Davis v. Dallas Independent School Dist., 448 Fed.Appx. 485, 495 (5th Cir. 2011) (citing Alford v. City of Dallas, 738 S.W.2d 312, 316 (Tex.App.–Dallas, 1987)). "Generally, courts

find that statements about working conditions, grievance procedures or termination rights are insufficient to change an employee's at-will status." McDonald v. City of Corinth, Tex., 102 F.3d 152, 156 (5th Cir. 1996). The regulations must also provide the employee with protection from being terminated without cause.

In the present case, there is no allegation that the City of Hearne has adopted any procedures or regulations regarding the termination of police officers. Plaintiff relies solely upon the protections found in Chapter 614 of the Texas Government Code. However, unlike the protections found in Chapter 143 of the Texas Local Government Code, Chapter 614 does not establish the detailed regulations regarding termination of employment. There is nothing in Chapter 614 that alters the at-will employment presumption. The case cited by Plaintiff, Turner v. Perry, 278 S.W.3d 806 (Tex.App.–Houston [14th Dist.], 2009, pet. denied), does not rely solely upon the provisions of Chapter 614. Chapter 614 was specifically adopted in the city's policy manual and had been specifically applied to the plaintiffs on previous occasions. It was the combination of the statute and the policy manual which created the property interest found in that case, and which is not present in this case.

Having identified no property interest which would satisfy substantive or procedural due process, the Court is persuaded Defendants' Motion to Dismiss should be granted as to Plaintiff's § 1983 claim.

B. Declaratory Judgment. Plaintiff's remaining claim is one for a declaration that his termination was in violation of Chapter 614 of the Texas Government Code. He seeks equitable and mandamus relief for reinstatement, as well as an "equitable" award of salary and benefits. Although labeled as equitable, Plaintiff is in reality seeking monetary damages. As such, his claims for back pay and benefits are barred by governmental immunity. *See City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011) ("[A] party cannot circumvent governmental immunity by characterizing a suit for money damages as a claim for declaratory judgment."). A plaintiff may maintain a suit, however, against a government actor in his official capacity for prospective injunctive and declaratory action for actions which were without legal or statutory authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-373 (Tex. 2009). However, this *ultra vires* exception to governmental immunity does not apply when a plaintiff has not challenged the validity of an ordinance or statute. *Id.*, 368-73.

Even if the Court were to construe Plaintiff's Amended Complaint as stating a claim for prospective relief, Plaintiff has not sued the party/parties responsible for the decision regarding his termination and/or possible reinstatement. Even assuming Plaintiff has properly stated a claim for prospective relief, his State claims would still be subject to dismissal because Chapter 614 is inapplicable to his separation. Accordingly, it is

**ORDERED** that Defendants' Joint Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that any pending motions not previously ruled on by the Court are **DENIED**.

**SIGNED** this 22d day of January, 2015.

**WALTER S. SMITH, JR.**
**United States District Judge**